FILED
2020 Jun-02  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

**ALABAMA SJIS CASE DETAIL**


alacourt.com

**PREPARED FOR: JESSICA ATKINSON**

County: **01**     Case Number: **CV-2020-901444.00**     Court Action:

Style: **ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY**

`Real Time`

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **01-JEFFERSON - BIRMINGHAM** | Case Number: | **CV-2020-901444.00** | Judge: | **MJH:MARSHELL JACKSON HATCHER** |
| Style: | **ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY** | | | | |
| Filed: | **04/17/2020** | Case Status: | **ACTIVE** | Case Type: | **CONTRACT/EJMNT/SEIZU** |
| Trial Type: | **JURY** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **2** | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | **:** | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subpoenas: | | Last Update: | **04/17/2020** | Updated By: | **AJA** |

## Parties

### Party 1 - Plaintiff BUSINESS - ASCENT HOSPITALITY MANAGEMENT CO., LLC

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **ASCENT HOSPITALITY MANAGEMENT CO., LLC** | Type: | **B-BUSINESS** |
| Index: | **D EMPLOYERS IN** | Alt Name: | | Hardship: **No** | JID: **MJH** |
| Address 1: | **C/O SIROTE & PERMUTT, PC** | | | Phone: | **(205) 930-5100** |

| | |
|---|---|
| Address 2: | **2311 HIGHLAND AVE SOUTH** |
| City: | **BIRMINGHAM** State: **AL** Zip: **35205-0000** Country: **US** |
| SSN: | **XXX-XX-X999** DOB: Sex: Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | WIL187 | | WILLIAMS JAMES SARVEN | JWILLIAMS@SIROTE.COM | (205) 930-5178 |
| Attorney 2 | GIL083 | | WINDSOR ALYSE NICOLE | AWINDSOR@SIROTE.COM | (205) 930-5427 |

### Party 2 - Defendant BUSINESS - EMPLOYERS INSURANCE COMPANY OF WAUSAU

## Party Information

| | | | |
|---|---|---|---|
| Party: | **D001-Defendant** | Name: **EMPLOYERS INSURANCE COMPANY OF WAUSAU** | Type: **B-BUSINESS** |
| Index: | **C ASCENT HOSPI** | Alt Name: | Hardship: **No** JID: **MJH** |
| Address 1: | **C/O LEGAL DEPARTMENT** | | Phone: **(205) 000-0000** |
| Address 2: | **175 BERKELEY STREET** | | |
| City: | **BOSTON** | State: **MA** | Zip: **02116-0000** Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | Sex: Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: **04/17/2020** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **05/12/2020** | Service Type **Y-ATTORNEY ACCEPTED** | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant BUSINESS - LIBERTY MUTUAL INSURANCE COMPANY

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | **LIBERTY MUTUAL INSURANCE COMPANY** | Type: | **B-BUSINESS** |
| Index: | **C ASCENT HOSPI** | Alt Name: | | Hardship: **No** | JID: **MJH** |
| Address 1: | **C/O LEGAL DEPARTMENT** | | | Phone: | **(205) 000-0000** |
| Address 2: | **175 BERKELEY STREET** | | | | |
| City: | **BOSTON** | State: | **MA** | Zip: **02116-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **04/17/2020** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | | Service Type | | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|-----------|-------------|---------|-------------|---------------|
| ACTIVE | N | AOCC | C001 | 000 | $16.00 | $16.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $18.73 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $306.00 | $306.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $467.00 | $485.73 | -$18.73 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accts | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/21/2020 | CREDIT | CONV | 2020143 | 1065710 | $18.73 | C001 | 000 | | N | | | DOG |
| 04/21/2020 | RECEIPT | AOCC | 2020143 | 1065700 | $16.00 | C001 | 000 | | N | | | DOG |
| 04/21/2020 | RECEIPT | CV05 | 2020143 | 1065720 | $306.00 | C001 | 000 | | N | | | DOG |
| 04/21/2020 | RECEIPT | JDMD | 2020143 | 1065730 | $100.00 | C001 | 000 | | N | | | DOG |
| 04/21/2020 | RECEIPT | VADM | 2020143 | 1065740 | $45.00 | C001 | 000 | | N | | | DOG |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 4/17/2020 | 1:27 PM | FILE | FILED THIS DATE: 04/17/2020          (AV01) | AJA |
| 4/17/2020 | 1:27 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 4/17/2020 | 1:27 PM | ASSJ | ASSIGNED TO JUDGE: MARSHELL JACKSON HATCHER (AV01) | AJA |
| 4/17/2020 | 1:27 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 4/17/2020 | 1:27 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 4/17/2020 | 1:27 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 4/17/2020 | 1:27 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 4/17/2020 | 1:27 PM | C001 | C001 PARTY ADDED: ASCENT HOSPITALITY MANAGEMENT CO | AJA |
| 4/17/2020 | 1:27 PM | C001 | LISTED AS ATTORNEY FOR C001: WINDSOR ALYSE NICOLE | AJA |
| 4/17/2020 | 1:27 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 4/17/2020 | 1:27 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/17/2020 | 1:27 PM | C001 | LISTED AS ATTORNEY FOR C001: WILLIAMS JAMES SARVE | AJA |
| 4/17/2020 | 1:27 PM | D001 | D001 PARTY ADDED: EMPLOYERS INSURANCE COMPANY OF W | AJA |
| 4/17/2020 | 1:27 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/17/2020 | 1:27 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 4/17/2020 | 1:27 PM | D001 | CERTIFIED MAI ISSUED: 04/17/2020 TO D001    (AV02) | AJA |
| 4/17/2020 | 1:27 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 4/17/2020 | 1:27 PM | D002 | D002 PARTY ADDED: LIBERTY MUTUAL INSURANCE COMPANY | AJA |
| 4/17/2020 | 1:27 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/17/2020 | 1:27 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 4/17/2020 | 1:27 PM | D002 | CERTIFIED MAI ISSUED: 04/17/2020 TO D002    (AV02) | AJA |
| 4/17/2020 | 1:27 PM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 4/17/2020 | 1:28 PM | ECOMP | COMPLAINT E-FILED. | WIL187 |
| 4/30/2020 | 2:36 PM | ESCAN | SCAN - FILED 4/30/2020 - NOTICE | SHB |
| 5/19/2020 | 1:25 PM | D001 | SERVICE OF ATTY ACCEPTED ON 05/12/2020 FOR D001 | WAK |
| 5/19/2020 | 1:27 PM | ESERC | SERVICE RETURN | WAK |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 4/17/2020 1:28:32 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 4/17/2020 1:28:32 PM | 2 | COMPLAINT | | 14 |
| 4/17/2020 1:29:13 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 4/17/2020 1:29:14 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 4/30/2020 2:36:11 PM | 5 | NOTICE | TO CLERK | 3 |
| 5/19/2020 1:27:21 PM | 6 | SERVICE RETURN | SERVICE RETURN | 2 |
| 5/19/2020 1:27:40 PM | 7 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |

   **END OF THE REPORT**

ELECTRONICALLY FILED
4/17/2020 1:28 PM
01-CV-2020-901444.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-2020-901444.00<br><br>Date of Filing:               Judge Code:<br>04/17/2020 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ASCENT HOSPITALITY MANAGEMENT CO., LLC v. EMPLOYERS INSURANCE COMPANY OF WAUSAU ET AL

**First Plaintiff:** ☑ Business   ☐ Individual        **First Defendant:** ☑ Business   ☐ Individual
                    ☐ Government   ☐ Other                                ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>  Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>  Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
                                         DISTRICT COURT

              R ☐ REMANDED              T ☐ TRANSFERRED FROM
                                         OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a
                                                   jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**        ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____WIL187_____          _____4/17/2020 1:28:32 PM_____          _____/s/ JAMES SARVEN WILLIAMS_____
                                    Date                           Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☐ NO

ELECTRONICALLY FILED
4/17/2020 1:28 PM
01-CV-2020-901444.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **ASCENT HOSPITALITY** | ) | |
| **MANAGEMENT CO., LLC,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **V.** | ) | |
| | ) | _____ |
| **EMPLOYERS INSURANCE** | ) | |
| **COMPANY OF WAUSAU AND** | ) | |
| **LIBERTY MUTUAL** | ) | **JURY TRIAL DEMANDED** |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff Ascent Hospitality Management Co, LLC ("Ascent" or "Plaintiff") and brings the following Complaint against Defendants Employers Insurance Company of Wausau and Liberty Mutual Insurance Company ("Defendants").

## INTRODUCTION

1.      Plaintiff is a hospitality management company that operates hotels and restaurants at 35 covered locations in the states of Alabama, Georgia, Tennessee, Mississippi, and Indiana.

2.      Plaintiff has been forced, by recent orders issued by the county and state governments in each of the 35 locations, to cease or substantially limit its business operations—through no fault of its own—as part of the counties' and states' efforts to slow the spread, or threatened spread, of the COVID-19 global pandemic.

3.      The closures mandated by these orders have caused Plaintiff to halt ordinary operations, resulting in substantial lost revenues and forcing Plaintiff to furlough or lay off the majority of its employees.

4.      To protect against situations like these, which threaten the livelihood of Plaintiff's business based on factors wholly outside of Plaintiff's control, Plaintiff obtained insurance coverage from Employers Insurance Company of Wausau, a subsidiary of Liberty Mutual Insurance Company. This coverage is provided to Plaintiff through an "all-risks" policy that protects Plaintiff against "all risks of direct physical loss or damage, except as hereinafter excluded or limited." The Policy also provides time element coverage to Plaintiff for losses sustained due to interruption of business, invocation of civil or military authority, and interruption to ingress and egress to and from the covered locations.

5.      In blatant breach of the insurance obligations that they voluntarily undertook in exchange for the acceptance of Plaintiff's premium payments, and without performing a reasonable or adequate investigation into the nature of and coverage obligations for Plaintiff's claims, Defendants have denied Plaintiff's claim for coverage arising from the county and state-ordered interruption of its business.

6.      As a result, Plaintiff now brings this action against Defendants based upon their failure to honor their obligations under the all-risks property insurance policy, Policy No. YAC-L9L-469428-019, which was issued to Plaintiff by Defendants and which has an effective term of 9/27/2019 to 8/27/2020 (the "Policy").

7.      Defendants have denied coverage based, at least in part, on the categorical assertion that there was no physical damage to Plaintiffs' property, as allegedly required by the Policy to

2

trigger coverage. However, this conclusory statement is contrary to both the Policy language, which protects against "all risks of direct physical loss <u>or damage</u>" and to established case law.

8.     Defendants have also denied coverage based in part upon an ambiguous contamination exclusion in the Policy that does not clearly apply to Plaintiff's claim, without ever conducting any material investigation into whether the virus at issue was actually present at any of the covered locations, such that this exclusion could even potentially apply.

9.     Defendants' cursory coverage denial is arbitrary, unreasonable, and inconsistent with the facts and plain language of the Policy they issued. This denial appears to be driven by Defendants' desire to preempt their own financial exposure to the economic fallout resulting from the COVID-19 crisis, rather than to initiate, as Defendants are obligated to do, a full and fair investigation of the claims and a careful review of the Policy they sold to Plaintiff in exchange for valuable premiums.

10.     As a result of Defendants' wrongful denial of coverage, Plaintiff files this action for a declaratory judgment establishing that it is entitled to receive the benefit of the insurance coverage it purchased, for breach of contract, for bad faith, for fraudulent misrepresentation, and for fraudulent suppression.

## PARTIES, JURISDICTION AND VENUE

11.     Plaintiff Ascent Hospitality Management Co., LLC is a Georgia limited liability company with a principal place of business in Buford, Georgia. Plaintiff operates hotels and restaurants at 35 locations throughout Alabama, Georgia, Tennessee, Mississippi, and Indiana. Each of these locations is listed on the schedule of covered properties for Plaintiff's policy of insurance with Employers Insurance of Company of Wausau. 17 of the 35 covered locations are in the State of Alabama, and 3 of these locations – the SpringHill Suites Downtown Birmingham

at UAB, the Elyton Hotel, and the Fairfield Inn & Suites Birmingham Downtown – are located in Birmingham in Jefferson County, Alabama.

12.     Defendant Employers Insurance Company of Wausau is a Wisconsin foreign insurance company and a subsidiary of Defendant Liberty Mutual Insurance Company. Defendant Employers Insurance Company of Wausau was doing business in the State of Alabama at all times material to the allegations in this Complaint.

13.     Defendant Liberty Mutual Insurance Company is a Massachusetts foreign insurance company. Defendant Liberty Mutual Insurance Company was doing business in the State of Alabama at all times material to the allegations in this Complaint.

14.     Defendants agreed to provide, among other coverages, property and business interruption coverage to Plaintiff pursuant to the Policy. Defendants have wrongfully denied Plaintiff's request for coverage pursuant to the Policy.

15.     A substantial portion of the material acts and occurrences that form the basis of this Complaint occurred within the State of Alabama and within Jefferson County, Alabama.

16.     Venue is proper in the Circuit Court of Jefferson County, Alabama.

17.     The Circuit Court of Jefferson County, Alabama has jurisdiction over all parties to this Complaint.

## FACTUAL ALLEGATIONS

18.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1–17 above.

**The Policy**

19.     In exchange for substantial premiums, Defendants sold commercial property insurance to Plaintiff, promising to protect Plaintiff against any losses resulting from covered

occurrences, including the interruption of business operations at any insured location caused by a government order, during the relevant time period.

20.    The Policy issued to Plaintiff is an "all risk" policy that provides broad coverage for losses incurred as a result of any cause that is not expressly excluded under the Policy.

21.    The Policy does not exclude losses from pandemics or government shutdowns due to the threat of a viral pandemic. Thus, the all-risk Policy purchased by the Plaintiff covers the property losses claimed by Plaintiff.

22.    In addition to property damage losses, Defendants also specifically agreed to provide TIME ELEMENT coverage to Plaintiff and to pay Plaintiff for the "actual loss sustained by [Plaintiff] due to the necessary interruption of [Plaintiff's] business."

23.    Defendants further agreed to provide CIVIL OR MILITARY AUTHORITY coverage to Plaintiff and to pay Plaintiff for the "actual loss sustained . . . if an order of civil or military authority prohibits access to a covered location . . . ."

24.    Defendants additionally agreed to provide INGRESS/EGRESS coverage to Plaintiff and to pay Plaintiff for the "actual loss sustained . . . due to the necessary interruption of [Plaintiff's] business if ingress to or egress from a covered location is prevented, whether or not [Plaintiff's] premises or property is damaged. . . ."

**Plaintiff's Losses Due to the Coronavirus Pandemic and the Closure Orders**

25.    On March 11, 2020, the World Health Organization declared that the emerging threat from the novel coronavirus—otherwise known as COVID-19—constituted a global pandemic.

26.    Emerging research on the virus and recent reports from the CDC indicate that the COVID-19 strains physically infect and can stay alive on surfaces for at least 17 days, a

characteristic that renders property exposed to the contagion potentially unsafe and dangerous. Other research indicates that the virus may linger on surfaces for up to four weeks in low temperatures.

27.     In response to the pandemic and the threatened spread of the coronavirus throughout the United States, county and state governments in each of the jurisdictions in which Plaintiff operates its hotels and restaurants began issuing orders requiring that establishments such as bars, restaurants, and hotels close to the public or operate under specific significant restraints. Many of these orders also prohibited all non-essential travel, thereby preventing customers from traveling to and staying at Plaintiff's hotels.

28.     All 5 states in which Plaintiff's hotels and restaurants are located have now issued statewide "Stay-at-Home," "Shelter-in-Place," or other similarly-termed closure orders, which substantially limit or completely prohibit the operation of Plaintiff's business.

29.     The continuous presence of the coronavirus on or around Plaintiff's premises, and/or the threat thereof, has rendered the premises unsafe and unfit for their intended use and therefore caused physical damage or loss to Plaintiff's property under the Policy.

30.     The applicable closure orders were issued in direct response to these dangerous physical conditions, or the threat thereof, and prohibited the public from accessing Plaintiff's businesses, thereby causing the necessary limitation or suspension of Plaintiff's operations and triggering coverage under the Policies.

31.     As a result of the closure orders, Plaintiff has suffered substantial business loss. The covered losses incurred by Plaintiff and owed under the Policy are increasing every day. These losses are expected to exceed $40 million dollars.

**Plaintiff's Claim Submission**

32.     On or about March 16, 2020, Plaintiff submitted a claim to Defendants requesting coverage for its business interruption losses as provided for under the Policy.

33.     On or about March 18, 2020, less than 48 hours after the initial notification of a claim, Defendants issued a Reservation of Rights Letter to Plaintiff, which cited potential exclusions and indicated an anticipated denial of Plaintiff's claim, without Defendants having performed any material investigation into this claim whatsoever.

34.     On or about April 1, 2020, at the request of the Defendants, Plaintiff provided additional information to the Defendants regarding the nature of its losses.

35.     On or about April 8, 2020, Defendants issued a denial letter, summarily denying Plaintiff's request for coverage.

## COUNT I – DECLARATORY JUDGMENT

36.     Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–35 above.

37.     The Policy is an insurance contract under which Defendants were paid premiums in exchange for their promise to pay Plaintiff's losses for claims covered by the Policy, such as business losses incurred as a result of the government orders forcing Plaintiff to close or substantially restrict its business operations.

38.     Plaintiff has complied with all applicable provisions of the Policy, including payment of valuable premiums in exchange for coverage under the Policy.

39.     Defendants have arbitrarily and without justification refused to reimburse Plaintiff for any losses incurred by Plaintiff in connection with the closure orders and the interruption of Plaintiff's business stemming from the COVID-19 pandemic.

40.     An actual case or controversy exists regarding Plaintiff's rights and Defendants' obligations under the Policy to reimburse Plaintiff for the full amount of losses incurred by Plaintiff in connection with the closure orders and the interruption of Plaintiff's business stemming from the COVID-19 pandemic.

41.     Plaintiff seeks a declaratory judgment from this Court declaring the following:

a.     The losses incurred by Plaintiff in connection with the closure orders and the interruption of Plaintiff's business stemming from the COVID-19 pandemic are insured losses under the Policy; and

b.     Defendants are obligated to pay Plaintiff for the full amount of the losses that have been incurred and that will be incurred in the future in connection with the closure orders and the interruption of Plaintiff's business stemming from the COVID-19 pandemic.

## COUNT II – BREACH OF CONTRACT

42.     Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–41 above.

43.     The Policy is an insurance contract under which Defendants were paid premiums in exchange for their promise to pay Plaintiff's losses for claims covered by the Policy, such as business losses incurred as a result of the government orders forcing Plaintiff to close or substantially restrict its business operations.

44.     Plaintiff has complied with all applicable provisions of the Policy, including payment of the premiums to Defendants in exchange for coverage under the Policy.

45.     Defendants, however, have abrogated their insurance coverage obligations pursuant to the Policy's clear and unambiguous terms.

46.     By denying coverage for any business losses incurred by Plaintiff in connection with the closure orders and the COVID-19 pandemic, Defendants have breached their coverage obligations under the Policy.

47.     As a result of Defendants' breaches of the Policy, Plaintiff has sustained substantial damages for which Defendants are liable, in an amount to be established at trial.

### COUNT III – BAD FAITH

48.     Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–47 above.

49.     After receiving notice of the claim made by Plaintiff, Defendants summarily and conclusorily denied Plaintiff's request for coverage, without conducting a reasonable and adequate investigation of this claim.

50.     Defendants' lack of investigation and its intent to summarily deny Plaintiff's claim is evidenced by the Reservation of Rights Letter issued less than 48 hours after the initial notification of a claim, in which the Defendants cited potential exclusions in the Policy and indicated an anticipated denial of Plaintiff's claim, without Defendants having performed any material investigation into this claim whatsoever.

51.     Defendants' denial of Plaintiff's claim was unreasonable and was made in bad faith.

52.     Defendants' bad faith entitles Plaintiff not only to an award of compensatory damages, but also to an award of punitive damages, attorneys' fees, and such other statutory penalties as may be available to Plaintiff under each of the applicable state's insurance statutes and regulations.

DOCSBHM\2315714\4

## COUNT IV – FRAUDULENT MISREPRESENTATION

53.     Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–52 above.

54.     The Defendants willfully, deliberately, intentionally, or recklessly misrepresented material facts to the Plaintiff, including, but not limited to the following:

    a.   The Policy purchased by Plaintiff from Defendants would protect and insure the Plaintiff against damages incurred as a result of governmental closure orders;

    b.   The Policy purchased by Plaintiff from Defendants would protect and insure the Plaintiff against damages incurred as a result of a viral pandemic or the threat thereof;

    c.   The Policy purchased by Plaintiff from Defendants would protect and insure the Plaintiff against losses incurred as a result of an interruption to its business operations; and

    d.   Should Plaintiff need to make a claim for such losses, Defendants would promptly pay such a claim in accordance with the Policy.

55.     The above-mentioned representations were false and were made by Defendants with knowledge of their falsity or with a reckless disregard for their truth or falsity.

56.     Upon information and belief, the Defendants never intended to provide Plaintiff with coverage for property damage or business interruption losses incurred in connection with government closure orders issued as a result of a viral pandemic and/or the threat thereof.

57.     Additionally, upon information and belief, the Defendants never intended to reasonably investigate any claim made by Plaintiff with respect to losses incurred in connection with government closure orders issued as a result of a viral pandemic and/or the threat thereof.

DOCSBHM\2315714\4

58.     Rather, the representations made by Defendants regarding the coverage available to Plaintiff for such losses were illusory and deceptive and were made for the purpose of inducing Plaintiff to purchase insurance coverage from Defendants for which no benefits would ever be provided to Plaintiff.

59.     Plaintiff relied upon these representations to its detriment.

60.     Defendants' fraudulent misrepresentations were willful, deliberate, intentional, and/or done with reckless or conscious disregard for the injuries and damages that would be suffered by Plaintiff as a result of Defendants' misrepresentations.

61.     As a proximate result of Defendants' fraudulent misrepresentations regarding the above-mentioned material facts, Plaintiff has been damaged and has suffered significant loss.

62.     Plaintiff will continue to incur additional damages as a result of Defendants' fraudulent misrepresentations.

63.     Defendants' wrongful actions and conduct warrant the imposition of punitive damages in this action.

## COUNT V- FRAUDULENT SUPPRESSION

64.     Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–63 above.

65.     The Defendants willfully, deliberately, intentionally, or recklessly suppressed material facts from the Plaintiff, including, but not limited to the following:

a.  The Defendants did not intend to honor their contractual obligations as set forth in the Policy;

11

b.  The Defendants did not intend to provide Plaintiff with coverage for property damage or business interruption losses incurred in connection with government closure orders issued as a result of a viral pandemic and/or the threat thereof; and

c.  The Defendants did not intend to reasonably investigate any claim made by Plaintiff with respect to losses incurred in connection with government closure orders issued as a result of a viral pandemic and/or the threat thereof; and

d.  The Defendants did not intend to make any payments to Plaintiff for any such claims.

68.  Defendants had knowledge of the suppressed facts set forth above.

69.  Defendants had a duty to disclose to Plaintiff the facts set forth above.

70.  Defendants suppressed and concealed these material facts from Plaintiff in order to induce the Plaintiff to enter into the Policy with the Defendants and to pay Defendants the valuable monthly premiums provided for under the Policy.

71.  Without knowledge of the foregoing material facts, Plaintiff entered into the Policy with Defendants and agreed to pay, and has timely paid, all of monthly premiums called for under the Policy.

72.  Defendants' fraudulent suppression and concealment of material facts was willful, deliberate, intentional, and/or done with reckless or conscious disregard for the injuries and damages that would be suffered by Plaintiff as a result of Defendants' fraudulent suppression and concealment.

73.  As a proximate result of Defendants' fraudulent suppression and concealment of the above-mentioned material facts, Plaintiff has been damaged and has suffered significant loss.

74.    Plaintiff will continue to incur additional damages as a result of Defendants' fraudulent suppression and concealment of material facts.

75.    Defendants' wrongful actions and conduct warrant the imposition of punitive damages in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court to grant it the following relief:

a.    The Declaratory Relief described herein;

b.    Compensatory Damages in an amount sufficient to compensate Plaintiff for the injuries it has sustained;

c.    Punitive Damages;

d.    Attorneys' Fees;

e.    Court Costs;

f.    Interest;

g.    The Additional Statutory Penalties and Damages that are available to Plaintiff under each of the applicable state's insurance statutes and regulations; and

h.    Such Other and Further Relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.**

*s/ James S. Williams*

James S. Williams (WIL187)
Alyse N. Windsor (GIL083)
Attorneys for Plaintiff Ascent Hospitality
Management Co., LLC

13

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:    (205) 930-5100
Fax:     (205) 930-5101
jwilliams@sirote.com
awindsor@sirote.com

**Defendants to be served via certified mail at the following addresses:**

**EMPLOYERS INSURANCE COMPANY OF WAUSAU**
C/O LEGAL DEPARTMENT
175 BERKELEY STREET
BOSTON, MA 02116

**LIBERTY MUTUAL INSURANCE COMPANY**
C/O LEGAL DEPARTMENT
175 BERKELEY STREET
BOSTON, MA 02116

14



AlaFile E-Notice

01-CV-2020-901444.00

To:   JAMES SARVEN WILLIAMS
       jwilliams@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY
01-CV-2020-901444.00

The following complaint was FILED on 4/17/2020 1:28:32 PM

Notice Date:      4/17/2020 1:28:32 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2020-901444.00

To:  EMPLOYERS INSURANCE COMPANY OF WAUSAU
     C/O LEGAL DEPARTMENT
     175 BERKELEY STREET
     BOSTON, MA, 02116

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY
01-CV-2020-901444.00

The following complaint was FILED on 4/17/2020 1:28:32 PM

Notice Date:     4/17/2020 1:28:32 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2020-901444.00

To:  LIBERTY MUTUAL INSURANCE COMPANY
     C/O LEGAL DEPARTMENT
     175 BERKELEY STREET
     BOSTON, MA, 02116

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY
01-CV-2020-901444.00

The following complaint was FILED on 4/17/2020 1:28:32 PM

Notice Date:      4/17/2020 1:28:32 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2020-901444.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY**

**NOTICE TO:** EMPLOYERS INSURANCE COMPANY OF WAUSAU, C/O LEGAL DEPARTMENT 175 BERKELEY STREET, BOSTON, MA 02116

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAMES SARVEN WILLIAMS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2311 HIGHLAND AVENUE SOUTH, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ASCENT HOSPITALITY MANAGEMENT CO., LLC pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 04/17/2020 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ JAMES SARVEN WILLIAMS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____.

*(Date)*

_____    _____    _____

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____

*(Server's Printed Name)*    *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2020-901444.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY

**NOTICE TO:** LIBERTY MUTUAL INSURANCE COMPANY, C/O LEGAL DEPARTMENT 175 BERKELEY STREET, BOSTON, MA 02116

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAMES SARVEN WILLIAMS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2311 HIGHLAND AVENUE SOUTH, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ASCENT HOSPITALITY MANAGEMENT CO., LLC pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 04/17/2020 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ JAMES SARVEN WILLIAMS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

*(Name of Person Served)*  *(Name of County)*

Alabama on _____.

*(Date)*

_____  _____  _____
*(Type of Process Server)*  *(Server's Signature)*  *(Address of Server)*

_____  _____
*(Server's Printed Name)*  *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY

01-CV-2020-901444.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $16.00

Parties to be served by Certified Mail - Return Receipt Requested

EMPLOYERS INSURANCE COMPANY OF WAUSAU                          Postage: $8.00
C/O LEGAL DEPARTMENT
175 BERKELEY STREET
BOSTON, MA 02116

LIBERTY MUTUAL INSURANCE COMPANY                              Postage: $8.00
C/O LEGAL DEPARTMENT
175 BERKELEY STREET
BOSTON, MA 02116

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EMPLOYERS INSURANCE COMPANY OF WAUSAU

C/O LEGAL DEPARTMENT
175 BERKELEY STREET

BOSTON, MA 02116

9590 9402 5680 9346 5195 69

2. Article Number (Transfer from service label)

7019 2280 0001 7859 2838

FS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                              ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/C
CV- 20.901444

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
    (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
■ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

7019 2280 0001 7859 2838

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee    $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage    $

Total Postage and Fees    $

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LIBERTY MUTUAL INSURANCE COMPANY

C/O LEGAL DEPARTMENT
175 BERKELEY STREET
BOSTON, MA 02116

9590 9402 5680 9346 5195 52

2. Article Number (Transfer from service label)

7019 2280 0001 7859 2845

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/C   D2

CV. 20. 901444

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   ☐)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

7019 2280 0001 7859 2845

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

USPS TRACKING #

DOCUMENT 6

9590 9402 5680 9346 5295 69

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAY 12 2020

CLERK

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203

DOCUMENT 6

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EMPLOYERS INSURANCE COMPANY OF WAUSAU
C/O LEGAL DEPARTMENT
175 BERKELEY STREET
BOSTON, MA 02116

9590 9402 5680 9346 5195 69

2. Article Number *(Transfer from service label)*

7019 2280 0001 7859 2838

PS Form **3811**, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
(00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

CV. 20.901444
S/c

Domestic Return Receipt



AlaFile E-Notice

01-CV-2020-901444.00

Judge: MARSHELL JACKSON HATCHER

To: WILLIAMS JAMES SARVEN
jwilliams@sirote.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY
01-CV-2020-901444.00

The following matter was served on 5/12/2020

**D001 EMPLOYERS INSURANCE COMPANY OF WAUSAU**
**Corresponding To**
ATTORNEY ACCEPTED

S/C

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2020-901444.00

Judge: MARSHELL JACKSON HATCHER

To:   WINDSOR ALYSE NICOLE
      awindsor@sirote.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY
01-CV-2020-901444.00

The following matter was served on 5/12/2020

**D001 EMPLOYERS INSURANCE COMPANY OF WAUSAU**
**Corresponding To**
ATTORNEY ACCEPTED

S/C

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

JACQUELINE ANDERSON SMITH, CLERK
CIRCUIT COURT OF JEFFERSON COUNTY
CIVIL DIVISION-ROOM 400
716 RICHARD ARRINGTON JR. BLVD NORTH
BIRMINGHAM, ALABAMA 35203

7019 2280 0001 7859 2838



RECEIVED
MAY 0 4 2020
BOSTON OFFICE 0001

U.S POSTAGE≫PITNEY BOWES

ZIP 35203
02 4W
0000366793 MAY 01 2020

$ 008.00°



AlaFile E-Notice

01-CV-2020-901444.00

To: EMPLOYERS INSURANCE COMPANY OF WAUSAU
C/O LEGAL DEPARTMENT
175 BERKELEY STREET
BOSTON, MA, 02116

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY
01-CV-2020-901444.00

The following complaint was FILED on 4/17/2020 1:28:32 PM

Notice Date:     4/17/2020 1:28:32 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2020-901444.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY

**NOTICE TO:** EMPLOYERS INSURANCE COMPANY OF WAUSAU, C/O LEGAL DEPARTMENT 175 BERKELEY STREET, BOSTON, MA 02116

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAMES SARVEN WILLIAMS                                                                                  ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2311 HIGHLAND AVENUE SOUTH, BIRMINGHAM, AL 35205                      .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ASCENT HOSPITALITY MANAGEMENT CO., LLC pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 04/17/2020 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JAMES SARVEN WILLIAMS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*

DOCUMENT 1

ELECTRONICALLY FILED
4/17/2020 1:28 PM
01-CV-2020-901444.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>01<br>Date of Filing:<br>04/17/2020 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**ASCENT HOSPITALITY MANAGEMENT CO., LLC v. EMPLOYERS INSURANCE COMPANY OF WAUSAU ET AL**

**First Plaintiff:** ☑ Business  ☐ Individual
☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Injury
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
   Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☑ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
   Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
                                             DISTRICT COURT

             R ☐ REMANDED          T ☐ TRANSFERRED FROM
                                       OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WIL187

| 4/17/2020 1:28:32 PM | /s/ JAMES SARVEN WILLIAMS |
|---|---|
| Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**    ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☐ NO



U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 35203 $ 008.00⁰
02 4W
0000366293 MAY 01 2020

RECEIVED

MAY 0 4 2020

BOSTON OFFICE 0001



7019 2280 0001 7859 2845

JACQUELINE ANDERSON SMITH, CLERK
CIRCUIT COURT OF JEFFERSON COUNTY
CIVIL DIVISION-ROOM 400
716 RICHARD ARRINGTON JR. BLVD NORTH
BIRMINGHAM, ALABAMA 35203





AlaFile E-Notice

01-CV-2020-901444.00

To:  LIBERTY MUTUAL INSURANCE COMPANY
     C/O LEGAL DEPARTMENT
     175 BERKELEY STREET
     BOSTON, MA, 02116

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY
01-CV-2020-901444.00

The following complaint was FILED on 4/17/2020 1:28:32 PM

Notice Date:      4/17/2020 1:28:32 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2020-901444.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**ASCENT HOSPITALITY MANAGEMENT CO., LLC V. EMPLOYERS INSURANCE COMPANY**

NOTICE TO: LIBERTY MUTUAL INSURANCE COMPANY, C/O LEGAL DEPARTMENT 175 BERKELEY STREET, BOSTON, MA 02116

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAMES SARVEN WILLIAMS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2311 HIGHLAND AVENUE SOUTH, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ASCENT HOSPITALITY MANAGEMENT CO., LLC pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 04/17/2020 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JAMES SARVEN WILLIAMS

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____

*(Date)*

_____    _____    *(Address of Server)*

*(Type of Process Server)*    *(Server's Signature)*

_____    _____

*(Server's Printed Name)*    *(Phone Number of Server)*

DOCUMENT 1

ELECTRONICALLY FILED
4/17/2020 1:28 PM
01-CV-2020-901444.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br>Date of Filing:   Judge Code:<br>04/17/2020 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ASCENT HOSPITALITY MANAGEMENT CO., LLC v. EMPLOYERS INSURANCE COMPANY OF WAUSAU ET AL

**First Plaintiff:** ☑ Business  ☐ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
    Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☑ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
    Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO   *Note:* Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WIL187

4/17/2020 1:28:32 PM
Date

/s/ JAMES SARVEN WILLIAMS
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO